1 **WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Eric J. Skinner, | No. 11-CV-710-PHX-GMS |
| Plaintiff, | **ORDER** |
| vs. | |
| Deutsche Bank National Trust Company; Mortgage Electronic Registration Systems Incorporated (MERS), | |
| Defendants. | |

Pending before the Court is Defendants' Motion to Dismiss. (Doc. 6). For the reasons stated below, Defendants' motion is granted.

## BACKGROUND

Plaintiff Eric J. Skinner filed his Complaint in this action in the Maricopa County Superior Court on March 15, 2011. The action was removed to this Court on April 11, 2011. As best the Court can understand from Plaintiff's complaint and from the loan documents, Plaintiff executed a promissory note and a Deed of Trust on January 5, 2005. The original lender was Atlas Mortgage Funding Corporation d/b/a Western Horizon Mortgage, and the original beneficiary on the Deed of Trust was Defendant Mortgage Electronic Registry Systems, Inc. ("MERS"). MERS was designated as the beneficiary not only for Atlas Mortgage, but for Atlas's "successors and/or assigns." (Doc. 6, Ex. A). On May 17, 2010,

MERS executed an Assignment of Deed of Trust in which it assigned its interest as beneficiary to Defendant Deutsche Bank National Trust Company. (Doc. 1, Ex. LS-A).[1] Deutsche Bank has since commenced foreclosure proceedings.

In his complaint, Plaintiff seeks damages of $1,000,000, and declaratory and injunctive relief restoring title to Plaintiff and enjoining Defendants from taking possession of or selling his home. Defendants move to dismiss Plaintiff's complaint under Rules 8, 9, and 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim.

## DISCUSSION

### I.    Legal Standard

To survive dismissal for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint must contain more than "labels and conclusions" or a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While "a complaint need not contain detailed factual allegations . . . it must plead 'enough facts to state a claim to relief that is plausible on its face.'" *Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1022 (9th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Twombly*, 550 U.S. at 556). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a

---

[1] The Court may consider the Assignment of Deed of Trust because it has been "properly submitted as part of the complaint." *Hal Roach Studios, Inc. v. Richard Feiner and Co., Inc*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990). Additionally, the Court takes judicial notice of documents such as the Deed of Trust that are supplied by Defendants as attachments to their motion because they are documents "whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading."*Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005) (quoting *In re Silicon Graphics Inc. Sec. Litig.*, 183 F.3d 970, 986 (9th Cir. 1999) (alteration in original).

1  defendant's liability, it 'stops short of the line between possibility and plausibility of
2  entitlement to relief.'" *Id.* (internal citations omitted) (quoting *Twombly*, 550 U.S. at 557).

3  Claims that contain elements of fraud carry a higher standard of pleading under the
4  Federal Rules of Civil Procedure: "In alleging fraud or mistake, a party must state with
5  particularity the circumstances constituting fraud or mistake. Malice, intent, knowledge, and
6  other conditions of a person's mind may be alleged generally." Fed. R. Civ. P. 9(b). Under
7  this rule, a plaintiff "must state the time, place, and specific content of the false
8  representations as well as the identities of the parties to the misrepresentation." *Schreiber*
9  *Distrib. Co. v. ServWell Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986); *see also Vess*
10 *v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must
11 be accompanied by the who, what, when, where, and how of the misconduct charged.")
12 (internal quotations omitted).

13 Under Rule 8, a complaint must contain "a short and plain statement of the claim
14 showing that the pleader is entitled to relief." FED. R. CIV. P. 8. "Rule 8 marks a notable and
15 generous departure from the hyper-technical, code-pleading regime of a prior era, but it does
16 not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions."
17 *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1950 (2009).

18 **II.    Legal Analysis**

19 Plaintiff's complaint alleges six causes of action. First, Plaintiff alleges that
20 Defendants committed a civil RICO violation by carrying out a fraudulent scheme against
21 borrowers. Second, Plaintiff alleges that Defendants engaged in predatory lending practices
22 that resulted in Plaintiff entering into a loan agreement for which he was ultimately not
23 qualified and hence unable to make the necessary payments to stay in the property. Third,
24 Plaintiff alleges that Defendant conspired to promote, encourage, facilitate and actively
25 engage in fraudulent and predatory lending practices by participating in the MERS system.
26 Fourth, Plaintiff alleges that there was a "void sale from ultra vires act" because Defendant
27 sold the rights and interests in Plaintiff's mortgage as an unregistered security in violation
28 of the Securities Act of 1933. Fifth, Plaintiff alleges "improper alteration of the note and

1  mortgage" because Defendant engaged in securitization of the note and the Deed of Trust
2  without Plaintiff's consent and severed financial responsibility for losses. Sixth, Plaintiff
3  alleges wrongful foreclosure because Defendant lacks standing to foreclose.

### A.   Civil RICO

Plaintiff first alleges that Defendants committed a civil RICO violation by "engag[ing] in an unlawful pattern of racketeering activity [and] carrying out a fraudulent scheme against people that they have collected payments from." (Doc. 1, Ex.1 at ¶ 14). Rule 9(b) states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." FED. R. CIV. P. 9(b). Plaintiff contends he is not subject to Rule 9(b)'s particularity requirement because he is not making a common law fraud claim. (Doc. 7 at 8). Rule 9(b), however, applies to all causes of action in which fraud is an element, including civil RICO claims. *See Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1065–66 (9th Cir. 2004) ("Rule 9(b)'s requirement that '[i]n all averment of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity' applies to civil RICO fraud claims."). "To avoid dismissal for inadequacy under Rule 9(b), [Plaintiff's] complaint would need to 'state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.'" *Id*. at 1066 (quoting *Alan Neuman Prods., Inc. v. Albright,* 862 F.2d 1388, 1392 (9th Cir.1989)). Plaintiff has not stated the time, place, or specific content of any false representations. Plaintiff's RICO claim therefore fails to satisfy Rule 9(b).

### B.   Predatory Lending Practices

Plaintiff next alleges that Defendants engaged in predatory lending practices that resulted in Plaintiff entering into a loan agreement for which he was ultimately not qualified. (Doc. 1, Ex.1 at ¶¶ 24–38). There is, however, no independent cause of action for "predatory lending." *See Pugal v. America's Servicing Co.,* 2011 WL 4435089, at *10 (D. Haw. Sept 21, 2011) ("The common law does not support a claim for 'predatory lending.'"); *Jacobs v. Credit Suisse First Boston,* 2011 WL 4537007, at *4 (D. Colo. September 30, 2011) ("This Court is not aware of . . . any particular statutory or common-law source of a claim for

- 4 -

'predatory lending.'"); *Haidar v. BAC Home Loans Servicing, LP*, 2010 WL 3259844, at *2 (E.D. Mich. Aug. 18, 2010) ("[T]here is no cause of action for predatory lending."); *Pham v. Bank of Am., N.A.*, 2010 WL 3184263, at *4 (N.D.Cal. Aug. 11, 2010) ("There is no common law claim for predatory lending."). Rather, "[t]o assert a cognizable claim implicating predatory lending practices, a plaintiff must generally show that the practices at issue violated some state statute, common law principle, or federal law." *Wallace v. Bank of Am.*, 2010 WL 4916570, at *3 (D.N.H. August 30, 2010). Plaintiff states that "Defendants violated the Federal fair [sic] Housing Act, and A B 489 [sic], AB 90i in procuring Plaintiff's signature on the loan documents." (Doc. 1, Ex.1 at ¶ 28). Plaintiff does not state, however, which provisions of these statutes Defendants violated. To the extent Plaintiff wishes to receive relief for any alleged "predatory lending practices," he must provide the specific legal grounds which entitle him to such relief. *See Vissuet v. Indymac Mortg. Servs.*, 2010 WL 1031013, at *3 (S.D.Cal. Mar. 19, 2010) (dismissing claim with leave to amend because the plaintiff "fail[ed] to indicate any legal basis for her 'predatory lending' cause of action" and left the defendants "to guess whether this cause of action is based on an alleged violation of federal law, state law, common law, or some combination").

In addition, to the extent Plaintiff's predatory lending claim is based on fraud, he has failed to plead such fraud with the required particularity. *See* FED. R. CIV. P. 9(b). Plaintiff contends that Defendants "conspired to deprive [him] of the subject property through fraud and misrepresentation" and that "escalating [loan] payments and/or increases in the interest rate were not properly disclosed" to him. (Doc. 1, Ex.1 at ¶ 31). Plaintiff fails, however, to identify specific factual circumstances to support the alleged misrepresentations and non-disclosures. To the contrary, in the loan documents signed by Plaintiff, he acknowledges that those documents "contai[n] provisions allowing for changes in my interest rate and my monthly payment." (Doc. 6, Ex A at 16). In short, not only has Plaintiff failed to plead the alleged fraud with particularity under Rule 9(b), but Plaintiff has also failed to plead facts under *Iqbal* which make it plausible that Defendants misrepresented his potential monthly payments and/or the interest rates for his loan. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009)

1  ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court
2  to draw the reasonable inference that the defendant is liable for the misconduct alleged.").
3  Plaintiff has therefore failed to state claim for common law fraud against Defendants.

### C.  Predatory Lending Practices Related to MERS

Plaintiff's third claim—entitled "Predatory Lending Practices Related to MERS System"—consists of allegations that MERS operates as a "sham" beneficiary in deeds of trust so that victims of predatory loan practices cannot identify the persons responsible for their injuries. As with his "predatory lending practices" claim, however, Plaintiff has failed to identify a legal basis for this cause of action. Because he has "not shown that the alleged illegalities associated with the MERS system injured [him] or violated state law," this claim fails. *Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1046 (9th Cir. 2011).

### D.  Ultra Vires Act/Sale of Unregistered Securities

Fourth, Plaintiff alleges that there was a "void sale from ultra vires act" because Defendants sold the rights and interests in Plaintiff's mortgage as an "unregistered" security in violation of "the Securities Act of 1933." (Doc. 1, Ex.1 at ¶¶ 52–55). Plaintiff does not specify, however, which provision(s) of the 1933 Securities Act Plaintiff has violated. Neither the Court nor Defendants are required to speculate as to which statutory provision Plaintiff is bringing his claims under. *Dodds v. BAC Home Loans Servicing, LP,* 2011 WL 1483971 at *10 (D. Haw. April 19, 2011). Moreover, even had Plaintiff identified a specific statutory basis for his claim, he has failed to provide any factual support for his conclusion that his loan was sold as an "unregistered" security. A complaint must contain more than "labels and conclusions"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In short, Plaintiff has not adequately plead either a legal or factual basis for his "ultra vires" claim.

### E.  Securitization

Fifth, Plaintiff alleges "improper alteration of the note and mortgage" because Defendants securitized his mortgage without his consent and severed the financial

- 6 -

1 responsibility for the loan's losses from the authority to foreclose on the loan. (Doc. 1, Ex.1 at ¶¶ 57–82) Again, however, Plaintiff fails to identify a statutory or common-law basis for this claim. His securitization claim must therefore be dismissed. *See Henkels v. J.P. Morgan Chase*, 2011 WL 2357874, at *7 (D. Ariz. June 14, 2011) (denying the plaintiff's claim for unauthorized securitization of his loan because he "cited no authority for the assertion that securitization has had any impact on [his] obligations under the loan, and district courts in Arizona have rejected similar arguments"); *Johnson v. Homecomings Financial*, 2011 WL 4373975, at *7 (S.D. Cal. Sep. 20, 2011) (refusing to recognize the "discredited theory" that a deed of trust "'split' from the note through securitization, render[s] the note unenforceable").

### F. Wrongful Foreclosure/Lack of Standing

Lastly, Plaintiff alleges that Deutsche Bank's initiation of foreclosure proceedings was "wrongful" because Deutsche Bank lacks standing to foreclose. Plaintiff bases his "lack of standing" claim, however, on the faulty premise that when his loan was issued, the right to foreclose on the mortgaged property vested in Atlas Mortgage. As best the Court can tell, Plaintiff contends that in 2005, Atlas Mortgage transferred its own interest in the loan to the WaMu Mortgage Pass-Through Certificates Series 2005-AR8 Trust (the "WaMu Trust"). The WaMu Trust then allegedly issued securities backed by the thousands of mortgages it contained, one of which was Plaintiff's mortgage. Plaintiff argues that the securities holders assumed ownership of the loan from the trust, and that the securities holders, and not Deutsche Bank, have authority to foreclose on the loan. (Doc. 1, Ex.1 at ¶¶ 83–95). In the Deed of Trust, however, MERS was designated as the "beneficiary" to the deed. As beneficiary, MERS received "legal title to the interests granted . . . in this Security Instrument . . . [and] the right: to exercise any or all of those interests, *including, but not limited to, the right to foreclose and sell the Property*; and to take any action required of Lender . . ." (Doc. 6, Ex. A) (emphasis added). In other words, the right to foreclose on the property initially vested in MERS, not Atlas Mortgage. On May 17, 2010, MERS executed an Assignment of Deed of Trust in which it "grant[ed], assign[ed] and transfer[ed] to Deutsche Bank . . . all

- 7 -

beneficial interest" in Plaintiff's deed, thereby transferring the right to foreclose to Deutsche Bank. (Doc. 1, Ex. LS-A). In other words, the initial right to foreclose vested in MERS, not Atlas Mortgage, and MERS transferred this right directly to Deutsche Bank. Plaintiff's assertion that Deutsche Bank would have had to receive the right to foreclose from the securities holders via Atlas Mortgage is therefore unfounded, as Deutsche Bank received this right directly from MERS.

As best the Court can tell, Plaintiff further alleges that Atlas Mortgage transferred its equitable interest in Plaintiff's mortgage to the WaMu Trust in 2005. Plaintiff argues that Atlas would have transferred its right to foreclose to the WaMu Trust at the same time, and that the May 17, 2010 assignment must therefore be a "fraudulent 'replacement' assignment." (Doc. 1, Ex.1 at ¶¶ 98–103). As stated, however, Atlas Mortgage did not have the right to foreclose on the loan in the first place. Rather, as the beneficiary of the Deed of Trust, MERS was vested with this right. Plaintiff does not allege that MERS lost its status as beneficiary upon Atlas Mortgage's alleged transfer of its equitable interest to the WaMu Trust. To the contrary, the Deed of Trust appointed MERS as the beneficiary not only for Lender, but for "Lender's successors and assigns." (Doc. 6, Ex. A). In other words, as the nominee of Atlas and its successors, MERS maintained the right to foreclose on the property even after the alleged transfer of equitable interest to the WaMu Trust. *See Cervantes*, 656 F.3d at 1044 (rejecting the notion that the designation of MERS as a "nominal holde[r] of the deed" irreparably splits the notes and deed). Plaintiff has not, therefore, alleged facts which make it plausible that Deutsche Bank lacks standing to foreclose on the property.

## CONCLUSION

Plaintiff has failed to state any claims for which relief can be granted.

**IT IS THEREFORE ORDERED** that Defendants' **Motion to Dismiss** (Doc. 6) is **GRANTED**. The Clerk of Court is directed to **terminate** this action.

DATED this 12th day of December, 2011.

/s/ A. Murray Snow
G. Murray Snow
United States District Judge

- 8 -